1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JAMES O. MOLEN, et al.,                    No. CIV S-12-0070-JAM-CMK

12              Plaintiff,

13        vs.                                    <u>ORDER</u>

14    AGENTS FOR INTERNATIONAL
      MONETARY FUND, et al.,

15
              Defendants.

16    _____/

17          Plaintiffs, proceeding in propria persona, bring this civil action under 28 U.S.C. §

18    1331.  Pending before the court is plaintiffs' motion to proceed in forma pauperis (Doc. 2) and

19    complaint (Doc. 1).

20          Plaintiffs have submitted the affidavit required by 28 U.S.C. § 1915(a) showing

21    that plaintiffs are unable to prepay fees and costs or give security therefor.  Their motion to

22    proceed in forma pauperis will therefore be granted.

23          The court is required to screen complaints brought by prisoners seeking relief

24    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

25    § 1915A(a).  The court is also required to screen complaints brought by litigants who have been

26    granted leave to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under these screening

1   provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or

2   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

3   from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

4   1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must

5   dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter

6   . . . ."  Because plaintiffs, who are not prisoners, have been granted leave to proceed in forma

7   pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

8          Plaintiffs bring this action against several defendants identified as Agents for

9   International Monetary Fund and the Internal Revenue Service, among others.  Plaintiffs indicate

10  this is an action in admiralty, but instead appears to be challenging a tax lien.  There is nothing in

11  the complaint addressing any issue with navigable waters or marine vessels.  To the extent

12  plaintiffs are attempting to challenge some type of tax lien, it appears that issue is currently the

13  subject of another active case within this court, case number 10cv2591-MCE-KJN.[1]

14         The Federal Rules of Civil Procedure require that complaints contain a "short and

15  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

16  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

17  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

18  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

19  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  "Although a pro se

20  litigant . . . may be entitled to great leeway when the court construes his pleadings, those

21  pleadings nonetheless must meet some minimum threshold in providing a defendant with notice

22  of what it is that it allegedly did wrong."  Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th

23  Cir. 1995).  Here, Plaintiffs' complaint does not include a short and plain statement of the claim

24

25         [1]      A court may take judicial notice of court records.  See MGIC Indem. Co. v.
    Weisman, 803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th
26  Cir. 1980).

1  but is almost unintelligible.  The complaint fails to meet the pleading requirements of Rule 8.

2          In order to survive dismissal for failure to state a claim a complaint must contain

3  more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

4  allegations sufficient "to raise a right to relief above the speculative level." "  Bell Atlantic Corp.

5  v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007).  While "[s]pecific facts are not

6  necessary; the statement [of facts] need . . . . give the defendant fair notice of what the . . . claim

7  is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200

8  (2007) (internal quotes omitted).  In reviewing a complaint under this standard, the court must

9  accept as true the allegations of the complaint in question, see  id., and construe the pleading in

10  the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

11          Here, plaintiffs' statements are too vague and conclusory for the court to

12  determine whether this action is frivolous or fails to state a claim for relief.  Either way, the court

13  has determined that the complaint does not contain a short and plain statement as required by

14  Federal Rule of Civil Procedures 8(a)(2).  Although the Federal Rules adopt a flexible pleading

15  policy, a complaint must give fair notice and state the elements of the claim plainly and

16  succinctly.  See Jones v. Comty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

17  must allege with at least some degree of particularity overt acts which defendants engaged in that

18  support his claim.  See id.  Because plaintiffs have failed to comply with the requirements of

19  Rule 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

20  amended complaint.

21          Because it is possible that the deficiencies identified in this order may be cured by

22  amending the complaint, plaintiffs are entitled to leave to amend prior to dismissal of the entire

23  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

24  informed that, as a general rule, an amended complaint supersedes the original complaint.  See

25  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

26  amend, all claims alleged in the original complaint which are not alleged in the amended

3

1    complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

2    plaintiffs amend the complaint, the court cannot refer to the prior pleading in order to make

3    plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must

4    be complete in itself without reference to any prior pleading.  See id.

5              If plaintiffs chooses to amend the complaint, plaintiffs must demonstrate how the

6    conditions complained of have resulted in a deprivation of plaintiffs' constitutional rights.  See

7    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

8    each named defendant is involved, and must set forth some affirmative link or connection

9    between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

10   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

11             Finally, plaintiffs are warned that failure to file an amended complaint within the

12   time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

13   1260-61; see also Local Rule 110.  Plaintiffs are also warned that a complaint which fails to

14   comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule

15   41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

16             Accordingly, IT IS HEREBY ORDERED that:

17             1.      Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is

18   granted;

19             2.      Plaintiff's complaint is dismissed with leave to amend; and

20             3.      Plaintiff shall file an amended complaint within 30 days of the date of

21   service of this order.

22

23   DATED:  May 15, 2012

24                                                     _____
                                                        CRAIG M. KELLISON
25                                                     UNITED STATES MAGISTRATE JUDGE

26

4